IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PAUL L. CAMPBELL, | Cause No. CV 14-279-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN LAUGHLIN; TIM FOX, | |
| Respondents. | |

This case comes before the Court on Petitioner Paul Leslie Campbell's application for writ of habeas corpus under 28 U.S.C. § 2254. Campbell is a state prisoner proceeding pro se.

In 2005, Campbell pled guilty to sexual assault and sexual intercourse without consent. He is currently serving a sentence of 100 years in prison. *See* CONWeb, https://app.mt.gov/conweb (accessed Dec. 2, 2014).

In 2014, Campbell filed a petition for writ of habeas corpus in the Montana Supreme Court. The petition was denied on August 26, 2014. *See* Order at 1-2, *Campbell v. Laughlin*, No. OP 14-0532 (Mont. Aug. 26, 2014), *available at* http://supremecourtdocket.mt.gov (accessed Dec. 2, 2014); Mont. Code Ann. § 46-

1

22-101(2).

In his federal petition, Campbell contends that the Montana Supreme Court erred in dismissing his state habeas petition. He relies on *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), to argue that his 2005 conviction was marred by structural error because he was denied counsel of his choice. The alleged existence of structural error, he contends, means that his claim for relief must be addressed on the merits. He further argues that the Montana Supreme Court's refusal to consider the merits of his state habeas petition in 2014 merely extended the violation of his right to counsel of his choice in 2005. *See* Pet. (Doc. 1) at 1-3.

But the Montana Supreme Court's decision did not violate federal law. Federal law does not require that the State of Montana permit challenges to convictions or sentences to be raised regardless of the time that has passed or the other available remedies that were not used. The concept of structural error itself has nothing to say about whether or when a claim of structural error can be raised. Indeed, if Campbell's federal petition were aimed at his 2005 conviction, it would be subject to dismissal with prejudice as untimely under federal law, *see* 28 U.S.C. § 2244(d)(1)(A), and procedurally defaulted, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), regardless of whether there was structural error or not. *See, e.g., Haney v. Adams*, 641 F.3d 1168, 1169 (9th Cir. 2011) (holding that claim of

structural error in jury selection was forfeited if not raised at time of trial); *see also Arizona v. Fulminante*, 49 U.S. 279, 310 (1991) (defining structural error).

Nor is the State of Montana required to provide prisoners access to the writ of habeas corpus on the same terms that the writ may be available under federal law. It is up to the State to decide how and when it will provide its own prisoners an opportunity to challenge their convictions. While *Gonzalez-Lopez* sets federal constitutional standards that state courts must honor in criminal proceedings, *see* 548 U.S. at 147-48, it does not prescribe for the States any particular judicial remedy that must be made available to state prisoners after imposition of a criminal judgment.

The Montana Supreme Court explained that it would not consider the merits of Campbell's habeas petition because the writ of habeas corpus is not available under state law to challenge the validity of a conviction or sentence. Order at 1-2, *Campbell*, No. OP 14-0532; Mont. Code Ann. § 46-22-101(2) (1985). The State's restriction of the writ does not violate federal law.[1] There was no error, of federal law or otherwise, in the Montana Supreme Court's refusal to consider the merits of

---

[1] The exception recognized by *Lott v. State*, 150 P.3d 337 (Mont. 2006), does not assist Campbell. Campbell's claim that he was deprived of counsel of his choice could be proved only by investigating the truth of facts that occurred (or did not occur) in the criminal proceedings. The *Lott* exception applies only to "a facially invalid sentence," that is, one that can be seen to be invalid just by looking at the judgment and the statutes under which Campbell was convicted. *Id.* at 342 ¶ 22. At any rate, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

3

Campbell's state habeas petition. Campbell's federal habeas petition should be denied.

Campbell is not entitled to a certificate of appealability because his petition fails to make any showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Campbell.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Campbell may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Campbell must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of his case without notice to him.

DATED this 2nd day of December, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge