
FILED
FEB 23 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PAUL L. CAMPBELL, | CV 14–279–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| WARDEN LAUGHLIN; TIM FOX, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on December 2, 2014 recommending that Campbell's petition be denied for lack of merit. Campbell objected to the Findings and Recommendation on December 11, 2014, and is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to

1

engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Campbell pled guilty to sexual assault and sexual intercourse without consent in 2005. In 2014 the Montana Supreme Court denied Campbell's petition for writ of habeas corpus. The case comes before this Court on Campbell's petition for writ of habeas corpus under 28 U.S.C. § 2254 arguing that the Montana Supreme Court erred in dismissing his state habeas petition. Campbell's arguments rely on *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), alleging structural error because he was denied counsel of his choice. Campbell also argues that the alleged existence of structural error means his claim for relief must be addressed on the merits and that the Montana Supreme Court's denial in 2014 extended the violation of his right to counsel of his choice.

Judge Lynch found that the Montana Supreme Court did not violate federal law by refusing to consider the merits of Campbell's state habeas petition. Campbell objects arguing that under *Gonzalez-Lopez* he is not required to show any merit regarding his allegation of structural error for denial of counsel of

2

choice. He further states that he does not assert a violation of federal law but rather a misinterpretation of the law. This Court agrees with Judge Lynch's finding that there was no error of law in the Montana Supreme Court's refusal to consider Campbell's state habeas petition. The writ of habeas corpus is not available under state law to challenge the validity of a conviction or sentence. Mont. Code Ann. § 46-22-101(2) (1985). Further, even if Campbell's federal petition were aimed at his 2005 conviction, it would be subject to dismissal with prejudice as untimely under federal law, *see* 28 U.S.C. § 2244(d)(1)(A), and procedurally defaulted, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), regardless of whether there was structural error or not.

Judge Lynch found that the State of Montana is not required to provide prisoners access to the writ of habeas corpus on the same terms that the writ may be available under federal law. Campbell objects, asserting that the State of Montana must meet or exceed the federal law terms and that *Gonzalez-Lopez* sets the federal minimum standards. Campbell is mistaken. *Gonzalez-Lopez* sets the federal constitutional standards that state courts must observe in criminal proceedings. *See* 548 U.S. at 147-148. It does not prescribe any particular judicial remedy the states must make available to state prisoners after imposition of a criminal judgment. Campbell's objection is therefore without merit.

Campbell's remaining objections rest on his argument that the alleged structural error has been misinterpreted by both the Montana Supreme Court and Judge Lynch. Other than a misplaced reliance on *Gonzalez-Lopez*, Campbell presents no law, and this Court does not find any, supporting his allegation that claims of structural error require the Montana Supreme Court to permit challenges to the validity of a conviction or sentence through a writ of habeas corpus. This Court agrees with Judge Lynch's finding that the Montana Supreme Court did not commit any error, of federal law or otherwise, when it refused to consider the merits of Campbell's state habeas petition.

Lastly, Campbell disagrees with Judge Lynch's finding that his petition fails to make any showing that he was deprived of a constitutional right and is therefore not entitled to a certificate of appealability. Based on the above analysis, this Court also finds that Campbell's petition does not make any showing that he was deprived of a constitutional right. Campbell is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2).

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 3) are ADOPTED IN FULL. Campbell's petition (Doc. 1) is DENIED. A

certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondent and against Petitioner.

DATED this 23rd day of February, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court